KC FILED
DEC 1 8 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHICAGO REGIONAL COUNCIL OF CARPENTERS PENSION FUND, CHICAGO REGIONAL COUNCIL OF CARPENTERS WELFARE FUND, the CHICAGO REGIONAL COUNCIL OF CARPENTERS APPRENTICE and TRAINEE PROGRAM FUND, and Their Trustees,<br><br>Plaintiffs,<br><br>v.<br><br>BEAN CONSTRUCTION, INC., and BIG BROTHER CONSTRUCTION COMPANY, INC.,<br><br>Defendants. | CIVIL ACTION<br><br>Case No<br><br>07CV7101<br>JUDGE BUCKLO<br>MAGISTRATE JUDGE COLE |

## COMPLAINT

Plaintiffs, the CHICAGO REGIONAL COUNCIL OF CARPENTERS PENSION FUND, et al., by their attorney, Raymond J. Sanguinetti, complain of the Defendants, BEAN CONSTRUCTION, INC. ("BEAN"), and BIG BROTHER CONSTRUCTION COMPANY, INC. ("BIG BROTHER"), as follows:

### Alter-Ego Audit Collection
### (BEAN & BIG BROTHER)

1.   This action arises under Section 502 of the Employee Retirement Income Security Act and Section 301 of the Taft-Hartley Act. (29 U.S.C. §§1132 and 185). Jurisdiction is founded on the existence of questions arising thereunder.

2.   The CHICAGO REGIONAL COUNCIL OF CARPENTERS PENSION FUND, the CHICAGO REGIONAL COUNCIL OF CARPENTERS WELFARE FUND and the CHICAGO REGIONAL COUNCIL OF CARPENTERS APPRENTICE AND TRAINEE

PROGRAM ("Trust Funds") receive contributions from numerous employers pursuant to Collective Bargaining Agreements between the employers and the CHICAGO REGIONAL COUNCIL OF CARPENTERS, successor of the CHICAGO AND NORTHEAST ILLINOIS DISTRICT COUNCIL OF CARPENTERS, ("Union"), and therefore, are multiemployer plans. (29 U.S.C. §1002). The Trust Funds are administered at 12 East Erie, Chicago, Illinois and venue is proper in the Northern District of Illinois.

3.  BEAN is an employer engaged in an industry affecting commerce which entered into an Agreement with the Carpenters Union whereby it agreed to be bound by a Collective Bargaining Agreement or Agreements whose terms require Defendant to pay fringe benefits to the Trust Funds.

4.  The Agreement and the Collective Bargaining Agreements also bind BEAN to the provisions of the Agreement and Declarations of Trust which created the Trust Funds ("Trust Agreements").

5.  BEAN is required to make contributions to the Trust Funds for each hour worked by its carpenter employees at the rate and in the manner specified in the Collective Bargaining Agreements and Trust Agreements. In addition, the Defendant is required to make contributions to the Trust Funds measured by the hours worked by subcontractors that are not signatory to a Collective Bargaining Agreement with the Union.

6.  Pursuant to the provisions of the Trust Agreements and the Collective Bargaining Agreements, BEAN is required to provide access to the records necessary for the Trust Funds to determine whether there has been compliance with the obligation to contribute to the Trust Funds.

7.  The Trust Funds conducted an audit of BEAN's books and records for the period of November 2005 through December 2006 and the auditors discovered possible related company BIG BROTHER. A request was made to review the books and records of BIG BROTHER for the same time period and an audit was completed. The audit of BEAN and BIG BROTHER revealed $17,855.89 in contributions owed to the Trust Funds.

8.  BIG BROTHER is related to BEAN and performs bargaining unit work.

9.  BIG BROTHER is a disguised continuance of BEAN and/or participated with BEAN in avoiding its Trust Fund obligations.

10. That BIG BROTHER is the alter ego of BNL and is bound to the Collective Bargaining Agreement under a single or joint employer theory. As such, plaintiffs are entitled to compliance from BIG BROTHER to the terms of the Collective Bargaining Agreement and Trust Agreements.

11. Pursuant to the provisions of the Trust Agreements and the Collective Bargaining Agreements, the Defendants are required to pay liquidated damages, interest, auditor fees and all attorney fees and court costs incurred by the Trust Funds in the collection process.

12. Plaintiffs have complied with all conditions precedent in bringing this suit.

13. Plaintiffs have been required to employ the undersigned attorneys to collect monies shown due and owing as a result of the audit.

14. Defendants are obligated to pay the attorney fees and court costs incurred by the Plaintiffs pursuant to 29 U.S.C. §1132(g)(2)(D).

15. Pursuant to 29 U.S.C. §1132(g)(2)(B), Plaintiffs are entitled to an amount equal to the greater of:

(a) double interest; or
(b) interest plus liquidated damages.

WHEREFORE, Plaintiffs pray:

A. That the Court finds that the Defendant, BEAN CONSTRUCTION, INC., be held jointly and severally liable as an alter-ego entity with BIG BROTHER CONSTRUCTION, INC., and as such, be required to pay $17,855.89 in contributions shown to be owed as a result of the audit.

B. That the Defendants, BEAN CONSTRUCTION, INC., and BIG BROTHER CONSTRUCTION COMPANY, INC., be ordered to pay interest on the amount that is due pursuant to 29 U.S.C. §1132(g)(2)(B).

C. That the Defendants, BEAN CONSTRUCTION, INC., and BIG BROTHER CONSTRUCTION COMPANY, INC., be ordered to pay interest or liquidated damages in the amount of $19,401.01 on the amount that is due pursuant to 29 U.S.C. §1132(g)(2)(C).

D. That the Defendants, BEAN CONSTRUCTION, INC., and BIG BROTHER CONSTRUCTION COMPANY, INC., be ordered to pay the reasonable attorney fees and costs incurred by the Plaintiffs. 29 U.S.C. §1132.

F. That Plaintiffs have such other and further relief as by the Court may be deemed just and equitable all at the Defendants' cost.

                              CHICAGO REGIONAL COUNCIL OF
                              CARPENTERS PENSION FUND, et al.

                              By: _____
                                    RAYMOND J. SANGUINETTI

Attorney for Plaintiff
Whitfield & McGann
111 East Wacker Drive, Suite 2600
Chicago, IL 60601
(312) 251-9700
Atty. No. 6244798